IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANA IRENE PAIGE, )<br> o.b.o. UREEON PAIGE )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br> CAROLYN W. COLVIN,[1] )<br> Acting Commissioner of Social Security, )<br> )<br> **Defendant.** )<br> _____ ) | CIVIL ACTION<br><br>No. 12-1041-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security income (SSI) under section 1614(a)(3) of the Social Security Act. 42 U.S.C. § 1382c(a)(3) (hereinafter the Act). Finding no error in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.  Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Ureeon Paige received SSI benefits as a child, and upon his attainment of age 18 his eligibility for such benefits was redetermined in accordance with the Act. (R. 11) see also 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. It was determined that Plaintiff was no longer disabled effective January 1, 2009 and this determination was upheld after reconsideration by a state agency Disability Hearing Officer. (R. 11, 20-23, 27-37). Plaintiff requested a hearing before an Administrative Law Judge (ALJ), his request was granted, and he appeared with counsel for a hearing before ALJ Michael R. Dayton on May 3, 2011. (R. 11, 262). At the hearing, testimony was taken from Plaintiff, and although a vocational expert (VE) also appeared, he did not testify. (R. 11, 262-81). ALJ Dayton issued a decision on May 19, 2011[2] in which he determined that Plaintiff's only severe impairment is borderline intellectual functioning and that Plaintiff is able to perform a full range of work at all exertional levels limited only by his mental impairment to simple, unskilled work. (R. 11-18). He determined that because Plaintiff's only limitations are non-exertional, section 204.00 of the Medical-Vocational Guidelines provide a framework for decisionmaking in this case. (R. 18); see also, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (Medical-Vocational Guidelines) § 204.00. The ALJ determined that Plaintiff's mental limitation to simple, unskilled work has "little or no effect on the occupational base of unskilled work at all exertional levels" (R. 18) because it does not

---

[2] Because the Commissioner's decision was issued on May 19, 2011, all citations to the Code of Federal Regulations in this opinion refer to the 2011 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2011, unless otherwise indicated.

"preclude his ability to follow simple instructions, respond appropriately to supervisors and coworkers, and to deal with workplace changes." (R. 19) (citing Soc. Sec. Ruling (SSR) 85-15). Therefore, he determined that Plaintiff's SSI benefits were properly terminated on January 1, 2009. Id.

Plaintiff requested review of the ALJ's decision, and submitted a Representative's Brief expressing his arguments regarding errors in the decision. (R. 240-42). The Appeals Council considered the Representative's Brief but found that it did not provide a basis to change the ALJ's decision, and denied the request for review. (R. 4-7). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and

whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if he can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084. The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

4

The regulations require the Commissioner to apply a modified version of the five-step sequential process for evaluating disability in making the disability redetermination for individuals who attain age 18 while receiving SSI benefits. 20 C.F.R. § 416.987(b) (2011); see also, Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (explaining the five step process) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). The disability redetermination will not include consideration of whether the recipient is working at substantial gainful activity to determine disability, and will not apply the "medical improvement" standard used in continuing disability review cases. 20 C.F.R. § 416.987(b) ("We will not use the rule in § 416.920(b) . . . and we will not use the rules in § 416.994.").

"If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). The Commissioner determines whether claimant has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform

other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).
In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's RFC.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in failing to obtain vocational expert (hereinafter VE) testimony as required by SSR 96-9p in cases where the claimant has an RFC for less than the full range of sedentary work.  The Commissioner correctly notes that the ALJ found Plaintiff could perform a range of work at all exertional levels, not just at the sedentary level. (Comm'r Br. 12, n.1).  The Commissioner then argues that the mere presence of nonexertional impairments does not require VE testimony, that the ALJ properly relied upon SSR 85-15 to find that Plaintiff's mental limitations have little or no effect on the occupational bases of unskilled work at all exertional levels, and that it was therefore proper to rely on the Medical-Vocational Guidelines as a framework without seeking VE testimony.  The court agrees, and finds no error in the ALJ's decision.

## III. Discussion

As a preliminary matter, the court notes Plaintiff's argument that the ALJ "used the all too familiar tactic of disparaging Claimant's credibility" by using boilerplate language to find Plaintiff's allegations not credible.  (Pl. Br. 16).  Plaintiff then argues

6

that he provided credible testimony and that the ALJ's credibility determination "is not substantiated by the testimony and the evidence of record." (Pl. Br. 17).

Plaintiff's argument that the ALJ's credibility finding is mere boilerplate would demonstrate error in the ALJ's decision if the ALJ's conclusion therein

> were meant to stand in for the specific findings required for a proper credibility assessment. But, as we have repeatedly explained, use of such conclusory language is "problematic only when it appears 'in the absence of a more thorough analysis,' " not when, as here, "the ALJ's decision referred to specific evidence in support of its conclusions." Keyes–Zachary v. Astrue, 695 F.3d 1156, 1170 (10th Cir. 2012) (quoting Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004)).

Holbrook v. Colvin, No. 12-5101, 2013 WL 1150298, *4 (10th Cir. Mar. 21, 2013). For example, the ALJ here specifically noted that Wexler Adult Intelligence Scale testing revealed significant improvement in functioning (R. 16), and that Dr. Nystrom opined that nothing would prevent Plaintiff from being able to understand and remember simple instructions. (R. 17). Moreover, beyond his own allegations that his testimony was credible and that the credibility determination was not substantiated, Plaintiff points to no record evidence corroborating the credibility of his testimony or negating the ALJ's credibility determination. The court will not make Plaintiff's arguments for him, and it may not merely reweigh the evidence and substitute its judgment for that of the ALJ. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172. Plaintiff's cryptic argument, to the extent it is sufficient to raise the issue of credibility, does not show error in the ALJ's credibility determination.

In the Medical-Vocational Guidelines, the Commissioner has provided a tool to aid in making uniform, efficient decisions to determine the types and numbers of jobs existing in the national economy for certain classes of claimants. Heckler v. Campbell, 461 U.S. 458, 468 (1983). However, the Guidelines are applicable "only when they describe a claimant's abilities and limitations accurately." Id. 461 U.S. at 462 n.5; see also Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984). Because the Guidelines are based upon the physical exertion requirements for work in the national economy, they may not be fully applicable for claimants who have nonexertional limitations. Channel, 747 F.2d at 580.

The Medical-Vocational Guidelines direct a finding in a particular case only when there is an "exact fit" between the criteria of the Guidelines and the situation before the ALJ. Campbell, 461 U.S. at 468; Channel, 747 F.2d at 579. Where the Guidelines do not direct a finding, "full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations which will provide insight into the adjudicative weight to be accorded each factor." 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 200.00(e)(2); see also Channel, 747 F.2d at 579-82 (application of the Guidelines where nonexertional limitations are present).

Where a plaintiff is unable to do a full range of work in any exertional category, the ALJ may not conclusively apply the Medical-Vocational Guidelines. Channel, 747 F.2d at 582 (error to apply the Guidelines absent a finding that plaintiff could perform the

full range of sedentary work). Instead, he "must give 'full consideration' to 'all the relevant facts,' App. 2, § 200.00(e)(2), including expert vocational testimony if necessary, in determining whether [plaintiff] is or is not disabled." Channel, 747 F.2d at 583. Where nonexertional limitations affect the range of work of which plaintiff is capable, the Guidelines may serve only as a framework to assist in determining whether sufficient jobs exist in the national economy given plaintiff's limitations and characteristics. Gossett, 862 F.2d at 806.

But, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the [Medical-Vocational Guidelines]. Use of the [Guidelines] is foreclosed only '[t]o the extent that nonexertional impairments further limit the range of jobs available to the [plaintiff].'" Channel, 747 F.2d at 583, n.6 (quoting Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983)). Thus, use of a vocational expert is required only where plaintiff's nonexertional impairments cause a limitation on the range of work available in a particular occupational base and where no other evidence (either in the record or in occupational resources upon which the Commissioner may rely, see 20 C.F.R. § 416.966(d)) establishes that a significant number of jobs of which plaintiff is capable are available. Where the Guidelines establish that a significant number of jobs exist in the economy, the Commissioner need not introduce evidence of specific available jobs. Campbell, 461 U.S. at 468-70.

Here, the ALJ noted that the Commissioner promulgated the Medical-Vocational Guidelines to aid in determining whether there are a significant number of jobs in the

9

national economy of which a particular claimant is capable. (R. 18). He then explained his application of the Guidelines in this case:

> Since January 1, 2009, the claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.
>
> Social Security Rulings 85-15 and 96-9p specify that the basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) <u>to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting</u>. The claimant's residual functional capacity, as supported by the findings of examining psychological sources, show that <u>he has the capacity to adequately perform these mental functions</u>. The claimant's mental impairments limit him to simple, unskilled employment, but do not preclude his ability to follow simple instructions, respond appropriately to supervisors and coworkers, and to deal with workplace changes. Thus, the unskilled job base is not significantly reduced as a result of the claimant's mental impairments.

(R. 18-19) (emphases added).

This quotation from the decision reveals that the ALJ was relying on SSR 85-15 for vocational evidence which he might properly have sought from a VE--that a claimant with the mental abilities to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting will not experience a significant reduction in the unskilled job base in all exertional levels. Although Plaintiff argues that he testified that he does not possess these mental abilities, the ALJ found that he does. As the ALJ found,

10

the evidence from the psychological sources, Dr. Nystrom, and Dr. Adams, supports the finding that Plaintiff has these basic mental abilities, and Plaintiff does not show otherwise. Moreover, as discussed above, Plaintiff has not shown error in the ALJ's determination that Plaintiff's allegations of symptoms are not credible.

SSR 85-15 provides that:

> Where a person's only impairment is mental, is not of listing severity, but does prevent the person from meeting the mental demands of past relevant work and prevents the transferability of acquired work skills, the final consideration is whether the person can be expected to perform unskilled work. The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

1983-1991 West's Soc. Sec. Reporting Serv., Rulings 347 (1992). Because the ALJ found no substantial loss in any of the basic work-related mental abilities discussed in SSR 85-15, he was correct to conclude that Plaintiff's mental impairment does not significantly reduce the unskilled job base across all exertional levels. Because the unskilled job base is not significantly reduced by Plaintiff's mental impairment (his only severe impairment), and because the unskilled job base includes approximately 2,500 medium, light, and sedentary unskilled occupations with each occupation representing numerous jobs in the national economy; SSR 85-15, 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 344; the ALJ was correct to conclude that there are a significant number of jobs in the national economy that Plaintiff can perform.

Because the ALJ properly relied upon vocational information from SSR 85-15, there was no need for him to seek VE testimony regarding that information. Plaintiff has shown no error in the ALJ's failure to obtain VE testimony in this case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the final decision of the Commissioner in this case.

Dated this 10th day of April 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
